The People of the State of Illinois, Defendant in Error, v. Martin Svete, Plaintiff in Error.

Gen. No. 6,427.    (Not to be reported in full.)

Error to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918. Rehearing denied April 9, 1918.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Martin Svete, defendant, for unlawfully selling intoxicating liquor in anti-saloon territory. From a judgment of conviction under five counts, imposing a fine of $75 and sentencing him to imprisonment for 20 days under each count, and ordering confinement in the county jail until the fine and costs are paid, defendant brings error.

GEORGE W. FIELD, for plaintiff in error.

JAMES G. WELCH, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. CRIMINAL LAW, § 580*—*when error in remarks by court deemed waived.* If a motion for new trial is made by defendant in a criminal case, and the grounds thereof are stated in writing, the defendant is limited to those reasons and all other errors are deemed waived, such as impropriety in remarks by the court.

2. CRIMINAL LAW, § 431*—*when question of error in orally directing jury to return to jury room and amend verdict not saved for review.* The point that the court erred in orally directing the jury in a criminal case, upon its returning to the court room

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with a verdict finding the defendant guilty' under a certain number of the counts in the indictment without specifying which ones, to return to the jury room and amend their verdict by giving the number of the counts under which they found the defendant guilty, is not saved for review where the only objection made at the time, and later in the motion for a new trial, was that it was error to direct the jury to amend the verdict.

3. CRIMINAL LAW, § 583*—*waiver of assignments of error not argued.* Assignments of error, in a criminal case, which are not argued are deemed waived.

---

# The People of the State of Illinois, Defendant in Error, v. Philip Goldberg, Plaintiff in Error.

## Gen. No. 6,477.

1. CRIMINAL LAW, § 103*—*what is effect of plea of not guilty.* Under the Criminal Code, div. 13, sec. 3 (J. & A. ¶ 4120), providing that it shall be sufficient, without any other form, for the defendant to declare orally that he is not guilty and that such plea shall constitute the issue between the People and the prisoner, the plea of not guilty dispenses with all other pleas and forms and permits all meritorious defenses to be made thereunder.

2. CRIMINAL LAW, § 103*—*right to claim immunity from prosecution under plea of not guilty.* A defendant in a criminal case is entitled to the benefit of claimed immunity from prosecution under a plea of not guilty.

3. CRIMINAL LAW—*when order as to immunity from prosecution does not protect from prosecution for illegally selling liquor.* Under the Criminal Code, div. 1, secs. 31-34 inc. (J. & A. ¶¶ 3517-3520 inc.), relating to the offense of bribing an officer and make such bribery a penal offense as against both the officer receiving the bribe and the person giving it, and section 35 (J. & A. ¶ 3521), providing that whenever at an investigation before a grand jury concerning any offense named in the preceding sections it shall appear that another person is a material witness and that his testimony would tend to incriminate him, the court may cause an order of immunity from prosecution to be entered and thereupon

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number,